

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00060-CR

_____

BRUCE KENT ESCO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th Judicial District Court
Smith County, Texas
Trial Court No. 007-0156-08

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Bruce Kent Esco appeals from his convictions for two counts of aggravated robbery.[1]   In short, he pled guilty, without a negotiated plea agreement, to stealing cash from a Wal-Mart, and exhibiting a deadly weapon during the offense.   The offense occurred in November 2007.   He was arrested promptly, but was ultimately tried, after being institutionalized and released, after a series of proceedings beginning in September 2009.

Esco's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail.   Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.   This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Esco on July 12, 2010, informing Esco of his right to file a pro se response and provided him with a complete copy of the record for his review. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Esco filed his response on August 18, 2010.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

In determining whether an appeal is wholly frivolous, we independently review the clerk's record and the reporter's record in deciding whether there are arguable (nonfrivolous) issues that would support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The record shows that in 1985, Esco suffered grievous skull and brain injuries as the result of an attack by suspected gang members (using claw hammers) while he was incarcerated, and suffers numerous mental and motor deficits as a result. When arrested, his competence was questioned, he was found incompetent, and was transferred to Vernon State Hospital and then released to Rusk State Hospital. That institution eventually declared him competent and released him for trial. After numerous hearings at which trial counsel stated repeatedly that he questioned Esco's competence, another examination was made. After further examination, Dr. Timothy J. Proctor concluded that Esco was competent, and the plea proceeding on guilt/innocence followed promptly. At that hearing, counsel stated that Esco had been able to (and willing to) communicate with him as necessary to assist counsel.

The court at that point, in an extensive proceeding, admonished Esco about the nature of a guilty plea and the consequences of entering one. Esco appeared rational at that point in time and responded appropriately to the court's efforts and admonishments—and pled guilty.

Two months later, when the sentencing proceedings commenced, trial counsel informed the court that Esco would no longer communicate with him, because of his convictions about conspiracies against him, and Esco informed the court that he had fired his appointed counsel.

3

After an extensive conversation and admonishments, Esco exercised his right to self-representation and was allowed by a remarkably patient trial judge to testify at length about his efforts to escape from attacks by the mafia and the necessity of obtaining money from Wal-Mart to assist his escape.

The trial court stated that it had considered the necessity defense, but found it no defense under the facts, and found Esco guilty of the aggravated robbery. The court assessed a sixty-year sentence, to run consecutive to the sixty-five-year sentence Esco was still serving on his 1978 conviction. The judge also found Esco guilty of the aggravated robbery—the carjacking, and likewise assessed a sixty-year sentence to run concurrent with the sentence on the Wal-Mart robbery.

We have carefully examined this record. The taking of Esco's guilty plea with a finding of competence in hand, along with the statements of counsel that he was able to communicate with Esco—does not reveal problems that suggest the existence of an arguable issue in connection with his plea of guilty. Further, even though Esco appeared much less composed at punishment, he was nevertheless able to understand the charges against him, although his explanations for his actions were less connected with reality. Further, we find that his decision to represent himself, made after extensive discussions with the court, was intelligent and knowing. As previously stated, the trial court was provided findings that Esco was competent to stand trial from several

4

sources, and it is clear that Esco never denied the actions involved—only that he had extensive fantasy-based reasons for committing them.

Under these facts, even though Esco's testimony described strange events regarding the reasons for his larcenous acts, we agree with counsel that there are no arguable issues that could be raised in connection with this appeal.

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[2]


Jack Carter
Justice


Date Submitted:     September 8, 2010
Date Decided:       October 14, 2010

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders,* grant counsel's request to withdraw from further representation of Esco in this case. No substitute counsel will be appointed. Should Esco wish to seek further review of this case by the Texas Court of Criminal Appeals, Esco must either retain an attorney to file a petition for discretionary review or Esco must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.